# EXHIBIT A
# Affidavit of Marshall Williams, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. GRIFFIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF MARSHALL WILLIAMS, JR, et al., )<br>)<br>Defendants. ) | Civil Action No. 2:05-CV-1165-T |

### AFFIDAVIT OF MARSHALL WILLIAMS, JR.

STATE OF ALABAMA    )
                    )
COUNTY OF BARBOUR   )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Marshall Williams, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Marshall Williams, Jr.. I am over the age of nineteen and am competent to execute this affidavit, which is based on my personal knowledge, training and experience.

2. At all times relevant to Plaintiff's Complaint I was the lawfully elected Sheriff of Barbour County, Alabama.

3. I have reviewed the Plaintiff's Complaint filed in this matter. I have no personal knowledge of any of the facts stated in the Complaint.

4. It is the policy of the Barbour County Sheriff's Department that members of the jail staff receive and answer inmate grievances. Forms on which grievances may be related to the jail staff are readily available in the jail. Inmates are furnished these forms at any time they

1

request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the jail staff are charged with responding to such grievances. Copies of all completed grievances and request forms are placed in an inmate's jail file.

5. Inmates are made aware of the grievance procedure, and an Inmate Handbook is provided to all inmates detailing the grievance procedure.

6. To not provide an inmate with a grievance form or address a grievance would be a violation of the policy of this jail.

7. To my knowledge, the Plaintiff has not filed a grievance with respect to any of the allegations in his lawsuit.

9. The Barbour County Jail has instituted disciplinary procedures which constitute jail policy. These procedures are made known to the inmates, and are found in the Inmate Handbook. The procedures require that any disciplinary charge be made known in writing to the charged inmate, and such charge is reviewed and evaluated by the Jail Administrator. However, the disciplinary policy does not preclude immediate administrative disciplinary action when such action is required for the safety and good order of the jail.

10. It is the policy of the Barbour County Jail that no inmate may be confined for punitive purposes for more than 24 hours without being given an opportunity to be heard by a disciplinary board composed of at least two officers and the Jail Administrator. However, an inmate may be administratively confined for non-punitive purposes for more than 24 hours without such a hearing if the safety and good order of the jail requires it.

11. I certify and state that the documents provided to the Court which are attached to the Defendants' Special Report are true and correct copies of the Plaintiff's inmate records, kept at the Barbour County Jail in the regular course of business.

_____
MARSHALL WILLIAMS, JR.

**SWORN TO** and **SUBSCRIBED** before me this _19_ th day of January, 2006.

_____
NOTARY PUBLIC
My Commission Expires: _5-11-09_

# EXHIBIT B
# Affidavit of Patsy Hall

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:05-CV-1165-T |
| ) | |
| SHERIFF MARSHALL WILLIAMS, JR, et al., ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF PATSY HALL

STATE OF ALABAMA       )
                       )
COUNTY OF BARBOUR      )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Patsy Hall, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Patsy Hall. I am over the age of nineteen and am competent to execute this affidavit, which is based on my personal knowledge, training and experience.

2. At all times relevant to Plaintiff's Complaint I was the Jail Administrator of the Barbour County Jail, Barbour County, Alabama.

3. I have reviewed the Plaintiff's Complaint filed in this matter. I have some personal knowledge of any of the facts stated in the Complaint.

4. It is the policy of the Barbour County Sheriff's Department that members of the jail staff receive and answer inmate grievances. Forms on which grievances may be related to the jail staff are readily available in the jail. Inmates are furnished these forms at any time they

1

request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the jail staff are charged with responding to such grievances. Copies of all completed grievances and request forms are placed in an inmate's jail file.

5. Inmates are made aware of the grievance procedure, and an Inmate Handbook is provided to all inmates detailing the grievance procedure.

6. To not provide an inmate with a grievance form or address a grievance would be a violation of the policy of this jail.

7. To my knowledge, the Plaintiff has not filed a grievance with respect to any of the allegations in his lawsuit.

8. The Barbour County Jail has instituted disciplinary procedures which constitute jail policy. These procedures are made known to the inmates, and are found in the Inmate Handbook. The procedures require that any disciplinary charge be made known in writing to the charged inmate, and such charge is reviewed and evaluated by the Jail Administrator. However, the disciplinary policy does not preclude immediate administrative disciplinary action when such action is required for the safety and good order of the jail.

9. It is the policy of the Barbour County Jail that no inmate may be confined for punitive purposes for more than 24 hours without being given an opportunity to be heard by a disciplinary board composed of at least two officers and the Jail Administrator. However, an inmate may be administratively confined for non-punitive purposes for more than 24 hours without such a hearing if the safety and good order of the jail requires it.

10. Jail inmates are aware that violation of jail rules will result in consequences. A list of possible violations and the corresponding consequences is posted on every jail cell door. Lockdown is usually reserved as a punishment only for violent infractions. Any inmate

lockdown is reviewed by the Jail Administrator either immediately or the next following day that the Jail Administrator is "on duty."

11. "Lockdown," as that term is used in the Barbour County Jail, indicates that the inmate is confined to his cell without a cellmate. However, the inmate is not moved to a different cell block, and the locked-down inmate has the ability to interact with other inmates in the cell block through the cell door. There is no disciplinary "solitary confinement" at the Barbour County Jail which contemplates complete isolation from other inmates or jail staff.

12. The Barbour County Jail does have a small number of holding cells which are located at the front of the jail and isolates an inmate from the other inmates, though not from jail staff. These holding cells are typically used for inmate protection and inmates who require close observation by jail staff, i.e. inmates who are at risk of serious injury or death if placed with the general population, suicidal inmates, etc. These holding cells are used strictly for administrative purposes, and never for disciplinary purposes. The Plaintiff has never been placed in a holding cell.

13. On or about 6:00 p.m. on Friday, October 27, 2005, the Plaintiff assaulted Correctional Officer Steve Kim, knocking him to the ground and injuring him. The Plaintiff was subdued and immediately locked down in his cell. At the time he was locked down, the Plaintiff was verbally notified of the charge against him. This initial lockdown was intended to prevent further injury to the Plaintiff, other inmates, and the jail staff. Subsequently, a Barbour County Sheriff's Deputy, who is not a correctional officer and does not work at the jail, was assigned the responsibility of investigating the incident.

14. During the time that the Plaintiff was locked down, he was able to interact with other inmates in his cell block through a peephole in his door, he was able to utilize the cell

block shower at a time of his own choosing, and he had continuous access to correctional officers through an intercom system located in his cell.

15. On or about Tuesday, October 31, 2005, the Plaintiff was provided with a disciplinary hearing, at which time Correctional Officer Kim and other correctional officers testified as to the events of the previous Friday evening. At this time, the Plaintiff was given an opportunity to present a defense. No other witnesses testified at the hearing. The decision-making body at the hearing consisted of myself as Jail Administrator, Correctional Officer Darlene Smith, and Correctional Officer Arlene Griglen. Correctional Officer Steve Kim testified, but was not part of the decision-making body.

16. At the conclusion of the disciplinary hearing, the Plaintiff was "sentenced" to be locked down. The Plaintiff was given a written copy of the evidence presented and the hearing results. According to posted jail policy, the punishment for assaulting an officer is lockdown for 90 days, in addition to a warrant being sworn out. Nevertheless, the Plaintiff was locked down for a total of 13 days, including the three days prior to the disciplinary hearing.

17. As a result of the Plaintiff's assault on Officer Kim, a Warrant of Arrest was sworn out against the Plaintiff for second degree assault, which warrant was executed.

18. I certify and state that the documents provided to the Court which are attached to the Defendants' Special Report are true and correct copies of the Plaintiff's inmate records, kept at the Barbour County Jail in the regular course of business.

_____
PATSY HALL

SWORN TO and SUBSCRIBED before me this _19_ th day of January, 2006.

_____
NOTARY PUBLIC
My Commission Expires: 5-11-09

4