# EXHIBIT C
# Inmate File

# CONTENTS

FOREWORD ............................................................... 1

INMATE TELEPHONE CALLS ............................................ 2

RELEASE ON BOND ..................................................... 3

VISITATION ............................................................. 4

MAIL CORRESPONDENCE ............................................... 5

FACILITY ISSUED ITEMS .............................................. 6

MEDICAL AND DENTAL SERVICES ..................................... 7

FOOD SERVICE ........................................................ 8

RELIGIOUS SERVICES ................................................. 9

LAW LIBRARY ........................................................ 10

INMATE GRIEVANCES ................................................ 11

RECREATION ......................................................... 12

PERSONAL HYGIENE ................................................. 13

HOUSEKEEPING ACTIVITIES ......................................... 14

CONDUCT AND WORK OF TRUSTEES ................................ 15

PROHIBITED ACTS ................................................... 16

DISCIPLINE AND PUNISHMENT ....................................... 17

# TRUSTEE STATUS

1. BE A SENTENCED STATE INMATE, OR A COUNTY INMATE.
2. DO NOT HAVE ANY WRITE-UPS IN FOLDER.
3. CAN NOT BE IN FOR A VIOLENT CRIME.
4. CAN'T BE ON MEDICATION FOR NECK, SHOULDER, BACK, OR LEG PROBLEMS.
5. THE ONLY ONES THAT CAN DECIDE ON TRUSTEE'S ARE THE 1ST SHIFT SUPERVISOR, ASSISTANT JAIL ADMINISTRATOR JIMMY GREENE, JAIL ADMINISTRATOR JEAN HARTZOG, AND SHERIFF MARSHALL WILLIAMS JR.

BARBOUR COUNTY FIRE DRILL
ALARM CODE 10-3

1.DISPATCHER: CALL FIRE DEPT. GIVE LOCATION,GO ACROSS BARBOUR NET
ADVISE! 10-70 JAIL 10-7  exit jail make sure you
have on you keys  1 AND 12.

2.OFFICER:    JAIL CONTROLL HIT ALL FIRE EXIT AND CELL BLOCK DOOR
BUTTONS ON PANEL BOARD,SO INMATES AND JAIL STAFF MAY
EXIT AS QUICKLEY AND ORDERLY AS POSSIBLE.OFFICER
WHEN OUT SIDE WILL TAKE A INMATE COUNT AS SOON AS
POSSIBLE.HAVE ON YOU KEYS 1 AND 12.

3. INMATES: AS QUICKLEY AND ORDERLY AS POSSIBLE EXIT THE JAIL.
AS SOON AS OUT SIDE REPORT TO A OFFICER.





## I.   INMATE TELEPHONE CALLS

1. All inmates who are being processed into the Barbour County Detention Facility will be allowed to make one phone call. Care will be   exercised by the OIC of shift to ensure that each new incoming inmate does establish telephone contact with the person of his/her choice even of several subsequent telephone call attempts must be made. Long distance calls must be made collect to the numbers called.

2. All inmates who wish to make calls to their attorneys or clergymen at   any time will notify the on duty jailer. The calls will be made at the earliest convenience of the facility.

3. There will be no limit of calls made by the use of phones provided in    the cell blocks.

4. Telephone calls, other than those permitted at the time of initial entry into the Facility, are a privilege and not a right and may be given to those who need them and have earned them through cooperation with Facility personnel in conforming to the prescribed Rules and Regulations of the Barbour County Detention Facility. Badgering an officer for calls, attempting to solicit a call other than appropriate days, or attempting to take advantage of this privilege in any way may result in that individual's loss of telephone privileges.

## II.   Release On Bond

1. An inmate's bond has been set before he/she is processed into the Barbour County Detention Facility. The amount of bond was determined by either the warrant officer or an Ex Officer Judge of the Court. Bond is set and cannot be changed by any official of this Facility. If any change is made in the amount of bond, it must be done by the Court.

2. There are several ways in which an inmate may be released on bond:

a. Two or more people who own property in Barbour County may sign a bond. Property ownership must be verified through the County Tax Assessor's office. If all is in order, the bond will be approved and the inmate will be released.

b. Some inmates, charged with traffic or other offenses, can qualify for release on their own recognizance. Such a release may be effected at the discretion of the Jail Administrator.

c.  A cash bond may be posted if the inmate has the necessary
money to cover the amount of the bond.

## III.  VISITATION

1.  SATURDAY AND SUNDAY EACH CELL HAS A TIME SET UP FOR THEM
THIS WILL BE A THIRTY MINUTE VISITATION.

SATURDAY 9:00 AM - 3:00 PM

SUNDAY 11:00 AM - 3:00 PM

2.  EACH INMATE WILL BE TAKEN TO VISITATION AREA FOR THERE VISIT
THIS WILL BE NO CONTACT VISIT,FOR FRIENDS AND FAMILY OF YOUR
CHOICE.

3.  All inmates may be permitted to visit with the attorney or
clergymen of their  choice privately and without supervision.
These visits will be weekdays ( Monday - Friday ) between the
hours of 8:00 A.M. and 5:00 P.M.. Authorization for visit at
any other time will be determined by the Jail Administrator.

4.  Visitors traveling long distances ( 100 miles or more ) may be
allowed visits other than normal visitation with approval of
the Jail Administrator.

5.  THER WILL NO CONTACT VISITATION UNLESS THE SHERIFF,CHIEF,
OR JAIL SUPERVISOR THERE APPROVAL.

## IV.  MAIL AND CORRESPONDENCE

## A.  LEGAL MAIL

1.  All inmates have a legal right to communication without
Censorship with counsel of their choice, public officials, or
courts.  If applicable, inmates will be permitted to
communicate, without censorship, within reasonable limits, with
the Attorney General, the Director of the Bureau of Prisons,
the Pardon and Parole Attorneys, the United States Marshal, the
United States District Judges, and any District Attorney or
Circuit Court Judge.

2.  Incoming communications addressed to any inmate from any of the
sources named in IV, A,1 above will not be subject to
censorship.  However,said communication will be opened in the
presence of the inmate to whom it is addressed by the officer
delivering the mail to the inmate.  Said officer will open the
mail in the presence of the inmate only for the purpose of
checking for contraband.

3.  Incoming or outgoing communications between an inmate and
    his/her attorney (licensed to practice in the State of Alabama)
    will not be opened except in the presence of the inmate, and
    then only to check for contraband.

B.  OUTGOING MAIL

1.  Normally, inmates will be permitted to correspond within
    reason, with their families and friends.  Inmates who are
    awaiting trial may correspond, within reasonable limits, with
    any individual they may need to contact in the preparation of
    any defense.  Each inmate is encouraged to maintain written
    contact with his/her family and friends while in the Barbour
    County Detention Center.

2.  Contents of inmates' letters shall be limited to matters of
    personal interest to friends and relatives.  Other inmates or
    Facility personnel are not to be discussed in any outgoing
    mail.  The use of profanity, threats, pornography, or diagrams
    of any part of this Facility is strictly prohibited.

3.  All outgoing inmate mail must have correct stamp affixed to the
    envelope.  The following information must be written or printed
    in the upper left-hand corner of the envelop:

    Sender's Name (name inmate was booked under)
    Barbour County Detention Facility
    P.O. Box 278
    Clayton, Alabama 36016

4.  Inmates should ensure that the addressee section of outgoing
    mail contains full information, i.e., name, street address,
    city, state, and zip code.

C.  INCOMING MAIL

1.  Inmates receiving mail from Attorneys or members of the court
    shall not be opened except if there is reasonable cause to
    believe the mail contains contraband.  This mail shall be
    opened in the presence of the inmate only.

2.  All other mail will be inspected for contraband in the presence
    of the inmate.

D.  CORRESPONDENCE BETWEEN INMATES

    No notes or written communications are to exchanged or passed,
    directly or indirectly, between inmates in this Facility except
    letters, with appropriate stamps, may be sent through normal
    postal channels.

E.  LOSS OF PRIVILEGES

    Misuse of mail privileges, either in content, item, manner, or
    by violation of any other rule and regulation of this Facility,
    may result in the loss of mail privileges for a specified time
    as a result of disciplinary action taken against the offending
    inmate.

V.  FACILITY - ISSUED ITEMS

A.  CLOTHING

1.  All prisoners will be issued a uniform when placed in the
    Barbour County Detention Facility. WEAR THIS WHEN IN DAY ROOM

2.  Disposable razors will be issued bi-weekly and will be taken
    up fifteen minutes after time of issuance

3.  Any razor not returned or returned altered will result in a
    disciplinary action.

B.  PERSONAL USE ITEMS

    Bath towels, bath clothes, bathroom tissue, hand soap,
    toothbrushes, and toothpaste are furnished to all inmates as
    needed. THESE ITEMS WILL BE GIVEN OUT FROM 5:00 PM TILL 8:00PM

C.  BEDDING ITEMS

1.  One (1) mattress, one (1) blanket, two sheets (2), one fitted
    and one cover, will be furnished to each inmate by the
    Facility.  (Additional blankets provided during winter months
    by request)

2.  Mattresses will be positioned horizontally on the bed, and no
    more than one (1) mattress will be used by any inmate at any
    one time.

    a.  Mattresses will not be used on the floor for any reason if
        beds are available.

    b.  Mattresses will not be folded or rolled.

3.  Bedding supplies will not be destroyed or abused by inmates,
    either by tearing, cutting or redesigning in any way, nor are
    they to be used for any purpose other than the purpose for
    which they were issued.  Bedding supplies will not be placed
    on the floor if beds are available.

4.  Violation by any inmate of the rules in VI-D, 2 a, b and 3
    above may result in disciplinary action against the inmate.

-5-

## D. Television Sets

1. One (1) TV is located in each dayroom and will be shared by inmates.

2. Television sets must not be turned on before 8:00 a.m. and must be turned off by 11:00 p.m. Failure to comply with the operational schedule may result in loss of television privileges.

3. No radios allowed.

## E. Failure to obey the rules as stated in the above may result in loss of television privileges and/or disciplinary action.

## F. Retention of Certain Items

1. Magazines may only be mailed.

2. No more than three (3) non-pornographic paperback books may be retained by an inmate at any one time. Paperback books may be brought to the Facility on visiting day, or paperback books may be mailed. No hard-cover books will be accepted.

3. Non-compliance with the rules and/or abuse of the privileges for retention of certain items as stated above may result in loss of privileges and/or disciplinary action.

## G. Storage of Certain Items

1. All money, valuables, clothing, and other effects that are the property of an incoming prisoner, which under institutional regulations he/she is not allowed to retain, shall, on his/her admission to the Facility, be inventoried in his/ her presence and credited to his/her property account. An inventory thereof shall be acknowledged and signed by the prisoner. Upon his/her release, the prisoner shall sign a receipt for release of property and said property will be returned to him/her.

2. Clothing which an inmate needs for court appearances or release from custody may be brought to the Facility by outside sources. Such clothing will be placed in storage and provided to the inmate for the aforementioned purposes only. The item and number of clothing shall be limited as follows:

    a.   Females: One pant suit or one dress, one pair of shoes, one pair of panty-type hose, one coat or jacket or sweater.

    b.   Males:  One pair of shoes, one pair of pants, one shirt, one belt, one coat or jacket or sweater.

## VI.  MEDICAL AND DENTAL SERVICES

1.  The Barbour County Detention Facility provides adequate medical and dental services for all inmates during the course of their in processing and during their stay in this Facility.

2.  When any inmate feels he/she needs medical attention, he/she may fill out a request slip to see the  doctor or dentist. This form will be returned to the Jailer on duty.

3.  In cases of emergency medical conditions, inmates will be transported promptly to the appropriate hospital or clinic.

4.  All medication will be dispensed as directed by the doctor. Medication will be dispensed one dose at a time and must be taken in the presence of the dispensing officer.  Under no circumstances will a supply of medication, or devices used therewith, be left with any inmate to take at his/her discretion.  If an inmate refuses medication which has been prescribed for him/her, medication will be discontinued and the doctor notified.

5.  Misrepresenting one's identity for purposes of illegally obtaining medication prescribed for another inmate will result in appropriate punishment.

6.  INMATES THAT HAVE MONEY IN STORE WILL BE DEDUCTED $5.00 FOR DOCTOR AND DENTIST VISIT.ALL OTHER EXPENSE COUNTY WILL BE TAKE CARE OF,EXCEPT WITH SPECIAL APPROVAL.

7.  All incoming prisoners with a known or suspected contagious disease will inform the on duty Jailer immediately.

8.  Inmates with serious infectious diseases will be placed in an isolated area away from other inmates.

## VII.  FOOD SERVICE

1.  Meals will be served and picked up through the feeding doors in each dayroom.

2.  All eating utensils are counted as they are passed into each cell block, and in like manner, when they are removed after the meal.  Each inmate is responsible for the eating utensils handed to him/her and will personally return them to the pickup officer after each meal.

3.  Special diets as ordered by a physician will be served to inmates with medical problems.

4.  Requests by inmates with certain religious beliefs which preclude them from eating certain foods, normally and whenever possible, will be approved.

5.  Each prisoner will personally receive his/her food tray from the delivering officer as it is passed through the feed door. If an inmate will not be offered or served food until the next meal.

6.  All prisoners will be fully dressed during the meal service. Officers will refuse meal service to those who are improperly dressed, and the food tray will be returned to the kitchen. No food will be offered or served to those prisoners until the next meal.

7.  Inmates shall be allowed to accept or decline any food offered to them.  All inmates shall receive equal portions of every food item on the menu for each specified meal.

8.  All inmates will leave their cells and report to the dayroom for the purpose of feeding.

9.  Inmates who abuse their privilege of using eating utensils, that is, by throwing food trays, soup bowls, food, etc., on the floors or against the walls, will be subject to disciplinary action.

10. Warming or heating food or beverages in inmates' quarters by any means will not be condoned.

11. Storing or accumulating food items or beverages in inmates' quarters is prohibited.

12. FEEDING SCHEDULE:

    Breakfast:  6:30 A.M. to 7:30 A.M.

    Lunch:     11:30 A.M. to 12:30 P.M.

    Dinner:     4:30 P.M. to 5:30 P.M.

VIII. RELIGIOUS SERVICES

1.  Religious services may be conducted in the BArbour County Detention Facility each Sunday between 8:00 A.M. and 11:00 A.M.

2.  All inmates may be allowed reasonable visits from the clergy men of their choice.

IX. LAW LIBRARY

1.  Inmates who wish to receive any books or materials available from the Law Library will make such requests to the on duty Jailer.  Such requests will be immediately forwarded to the Jail Administrator.

2.  The Jail Administrator will make all reasonable efforts to fulfill the requests as soon as possible.

3.  Inmates will not deface in any way nor remove any portion of the books.  Violation of this rule may result in disciplinary action.

X.   INMATE GRIEVANCES

A.  POLICY

Any inmate shall be allowed to file a grievance at such times as the inmate believes that he/she has been subjected to abuse, harassment, violation of civil rights, or denied privileges allowed to inmates in the Barbour County Detention Facility. Grievances must be restricted to incidents which occur while the inmate is in the custody of the Barbour County Detention Facility.

B.  PROCEDURE

1.  A grievance shall be made in the form of a written statement by the inmate promptly following the incident.  The grievance should be addressed to the Administrator.

2.  The grievance shall state fully the time, date, names of persons involved, names of any witnesses, and the pertinent details of the incident.

3.  The complaining inmate will receive a response within five days of the date that the grievance was received.  If the matter in question has not been resolved at that time, the inmate will be further notified in writing when the matter has been resolved.

4.  If the inmate is not satisfied with the disposition of the grievance by the Administrator the inmate may set forth his/her grievance in writing and his/her objection to the disposition of the grievance to the Sheriff of Barbour County.

5.  If the inmate is not satisfied with the disposition of the grievance by the Sheriff, he/she may appeal the grievance to the District Attorney if the grievance implies criminal violations, or he/she may appeal the grievance to the Clerk of the Court if the grievance is of a civil nature.

## XI. RECREATION

1.  The Barbour County Detention Facility provides a recreation program for all inmates who wish to participate.

2.  This program includes facilities for indoor recreation and equipment for various types of individual and team activities.

3.  When the workload permits, inmates may be given the opportunity to participate in the recreation program for five days a week for a period of three (1) hour per day. PER CELL BLOCK

## XII. PERSONAL HYGIENE

1.  Hygiene supplies for maintaining proper personal hygiene are provided by Barbour County Detention Facility.

2.  Each inmate shall shower as often as necessary to keep his/her person clean and free from odors.  Soap and towels are provided by the Facility to each inmate for this purpose.  If a fellow inmate complains about an individual's body odors, or if a Facility officer detects such odors, the person with the body odors will be required to shower.  If the inmate refuses, he/she will be forcibly showered by an officer of the same gender.  In addition, an inmate who refuses will be subject to certain restrictions.

3.  As stated before, disposable razors are provided by the Facility for use by the inmates.

4.  All inmates should be especially watchful for crab lice.  The prevalence of vermin is much greater where groups of people live together, particularly when they come from all walks of life.  All inmates should examine themselves daily or each time they shower.  Should a person become infected, he/she should immediately notify an officer.

XIII. HOUSEKEEPING ACTIVITIES

1.  All prisoners are required to clean their living quarters and
    share in maintaining cleanliness throughout the Facility.
    Prisoners' quarters will be thoroughly cleaned each morning or
    more frequently if necessary.  All prisoners shall share
    equally in performing these tasks.  Hiring or transferring
    responsibilities to other prisoners through devious means is
    prohibited.  Any prisoner who rebels or refuses to clean
    his/her quarters or refuses to participate in required
    housekeeping activities will be subject to immediate
    disciplinary action.

2.  All floors will be swept and mopped each morning and more
    frequently if required.

3.  All trash containers will be emptied and cleaned each morning
    and more frequently if required.

4.  Commodes and lavatories will be cleaned each morning and more
    frequently if required.

5.  Walls will be washed as needed.

6.  Drawing, writing, marking on, or defacing tables, walls, beds,
    and other County property in any way, is strictly prohibited.

7.  Each morning, an adequate supply of cleaning materials will be
    placed in each cell block or dormitory.  A Facility officer
    will explain the procedures to be followed and the results
    expected.  If cleaning results are unsatisfactory, the officer
    will point out the deficiencies and again provide adequate
    cleaning materials.  A second and last chance will be given in
    order to attain the desired standard.  If the second chance
    results in failure to attain the desired results, action will
    be taken to ensure the area is clean, and all privileges may
    be taken away.  All inmates will remain out of bed until these
    tasks have been completed satisfactorily.

XIV.  CONDUCT AND WORK OF TRUSTIES

1.  Trusties will make their beds and eat breakfast no later than
    7:00 A.M.  Trusties' quarters will be cleaned daily.  Each
    trusty will be responsible for his/her own personal area.

2.  Trusties will shower daily and wear clean clothes.

3.  No alcoholic beverages or narcotics will be brought into the
    Facility or consumed by trusties on or off County property.

7.  Destruction of, disposing of selling, altering, or damaging County property of another person.

8.  Murder.

9.  Assaulting any person.

10. Extortion, blackmail, demanding or receiving money or anything of value in return for protection for others to avoid bodily harm or under threat of informing.

11. Starting a fire.

12. Possession or introduction of an explosive or any ammunition.

13. Possession or introduction of a gun, firearm, weapon, sharpened instrument, knife, or unauthorized tool.

14. Possession, introduction or use of any narcotic, narcotic paraphernalia, drugs, or intoxicants.

15. Counterfeiting, forging, or unauthorized reproduction of any document, article of identification, money, security, or official paper.

16. Giving or offering any official or staff member a bribe or anything of value.

17. Tampering with any locking device.

18. Being in an intoxicated state caused from drinking alcohol, or using other intoxicants by sniffing, injecting, or ingesting orally.

19. Fighting with or without weapon.

20. Insubordination.

21. Disobeying a direct order of an official of the Barbour County Detention Facility or Sheriff's Office.

22. Altering County clothing.

23. Aiding and abetting the violation of Facility rules and regulations.

24. Corresponding with another inmate without permission.

25. Theft or destruction of personal property of another inmate.

48. Conduct which disrupts or interferes with the security or orderly running of the Facility.

49. Participating in unauthorized meetings or gatherings.

50. Being in an unauthorized area.

51. Failure to follow safety or sanitation regulations.

52. Using any equipment or machinery which is not specifically authorized.

53. Using any equipment or machinery contrary to instructions or posted safety standards.

54. Failure to stand count.

55. Interfering with the taking of count.

56. Making intoxicants.

57. Smoking.

58. Using abusive or obscene language.

59. Gambling.

60. Failing to keep one's person and living quarters clean in accordance with Facility regulations.

61. Tattooing or self-mutilation.

62. Unauthorized use of mail or telephone privileges.

63. Unauthorized contacts with the public.

64. Correspondence or conduct with a visitor in violation of published regulations.

65. Giving money or anything of value to, or accepting money or anything of value from another inmate.

66. Failure to cooperate with Facility staff.

67. Destruction or mutilation of written regulations posted in each dayroom.

68. Selling, bartering, trading, or exchanging personal items with other inmates.

69. Wearing headbands or rags around the head.

70. Failure to wear Facility-issued clothing or failure to wear a complete set of Facility-issued clothing.

71. Wearing unauthorized items of clothing, jewelry, or ornaments.

72. Failure to comply with operational schedule for television.

73. Failure to be fully dressed at times indicated by Facility rules.

74. Discriminating against other inmates with regard to race, creed, color, age, sex, or national origin.

75. No smoking will be allowed.

## XVI. Discipline And Punishment

1. Discipline and good order shall be maintained with firmness necessary for safe custody and a well-ordered community life. officers will react swiftly to any threat or violation of this policy.

2. Incarceration does not confer immunity where violations involve federal or state statutes, and punishment under the rules and regulations contained in this handbook will not apply. Any alleged violation of law occurring during incarceration will be referred to the Court having jurisdiction over the offense.

3. Whenever an inmate is charged with a disciplinary offense, a written charge shall be prepared by the reporting officer and submitted to the Administrator for review and evaluation. This does not preclude, restrict, or limit in any way any disciplinary action at the time of the offense which the officer deems necessary for good order and discipline. The inmate shall have the opportunity to defend him/herself against any such charge.

4. Inmates may be released after twenty-four (24) hours of Administrative confinement on their pledge to refrain from further violations. Administrative confinement cannot be used for punitive purposes for a greater period of time than twenty-four (24) hours without an opportunity to be heard by a disciplinary board composed of at least two (2) officers and the Jail Administrator.

State of Alabama
Unified Judicial System

# WARRANT AND AFFIDAVIT

BARBOUR COUNTY

Case Number

**051000643**

Before me the undersigned Judge/Clerk/Magistrate of the District Court of Barbour County, Alabama, personally apeared

**LEROY UPSHAW**   who being by me first duly sworn deposes and says that he/she has probable cause for believing, and does

believe that within twelve months within said County on or about   **10/27/05**   one   **JAMES GRIFFIN**

whose name is otherwise unknown to the complainant did:

**WITH INTENT TO PREVENT A PEACE OFFICER FROM PERFORMING A LAWFUL DUTY, HE CAUSED PHYSICAL INJURY TO STEVE KING BY
PUSHING HIM INTO THE FLOOR AND KICKING HIM IN THE FACE**

in violation of   **13A-6-21**   of the Code of Alabama, against the peace and dignity of the State of Alabama.

Sworn to and subscribed before me this the   **28**   day of   **October**   **2005**

_Janie L Clark_
Clerk/Magistrate of District Court

_LeRoy Upshaw_
Complainant's Signature

WITNESSES FOR THE STATE

---

STATE OF ALABAMA
BARBOUR COUNTY

# WARRANT OF ARREST

DISTRICT COURT

Warrant Number

**2005-300**

**TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:**

You are thereof commanded to arrest   **JAMES GRIFFIN**   and bring him/her before the DISTRICT COURT OF BARBOUR

COUNTY, to answer the State of Alabama on a charge of

**ASSAULT; SECOND**

Code   **13A-6-21**   Class   **C**   **Felony**

and have you then and there this writ with your return thereon   **12/6/05**   at   **9:00 AM**

Dated this   **28**   day of   **October**   **2005**

_Janie L Clark_
Clerk/Magistrate of District Court

---

*Defendant's Address*

64 JENNINGS STREET
CLAYTON        AL

| Race | Sex | DOB |
|------|-----|-----|
| **B** | **M** | **09-01-1960** |

| Hgt | Wgt | Hair | Eyes |
|-----|-----|------|------|
| **57"** | **215** | **BLK** | **BRO** |

SSN
**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**

DL Number        State

Steve King
BCSO

# WARRANT OF ARREST

### THE DISTRICT COURT OF
### BARBOUR COUNTY

### THE STATE OF ALABAMA

v.

### JAMES GRIFFIN

Executed the within Warrant by Arresting
the within named Defendant. After arrest,
the defendant was:

☐ Released as authorized at _____
☐ Taken before ___ Judge ☐ Magistrate
☑ Committed to Jail

This _____28th_____ day of

_____October_____, 2005

_LeRoy Upshaw_        _Deputy_
Signature            Title

_BCSO_
Agency

State of Alabama
Unified Judicial System

# COUNTY
# WARRANT AND AFFIDAVIT

DISTRICT COURT OF
BARBOUR COUNTY
Case Number
051000643

Before me the undersigned Judge/Clerk/Magistrate of the District Court of Barbour County, Alabama, personally apeared
**LEROY UPSHAW** who being by me first duly sworn deposes and says that he/she has probable cause for believing, and does
believe that within twelve months within said County on or about **10/27/05** one **JAMES GRIFFIN**
whose name is otherwise unknown to the complainant did:

**WITH INTENT TO PREVENT A PEACE OFFICER FROM PERFORMING A LAWFUL DUTY, HE CAUSED PHYSICAL INJURY TO STEVE KING BY
PUSHING HIM INTO THE FLOOR AND KICKING HIM IN THE FACE**

In violation of **13A-6-21** of the Code of Alabama, against the peace and dignity of the State of Alabama.

Sworn to and subscribed before me this the **28** day of **October** **2005**

Clerk/Magistrate of District Court

Complainant's Signature

WITNESSES FOR THE STATE

---

**STATE OF ALABAMA**
**BARBOUR COUNTY**

# WARRANT OF ARREST

DISTRICT COURT
Warrant Number
2005-300

**TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:**

You are thereof commanded to arrest **JAMES GRIFFIN** and bring him/her before the DISTRICT COURT OF BARBOUR
COUNTY, to answer the State of Alabama on a charge of

**ASSAULT: SECOND**

Code **13A-6-21** Class **C** **Felony**

and have you then and there this writ with your return thereon **12/8/05** at **9:00 AM**

Dated this **28** day of **October** **2005**

Clerk/Magistrate of District Court

---

*Defendant's Address*
**64 JENNINGS STREET**
**CLAYTON** **AL**

Steve King
BCSO

# WARRANT OF ARREST

### THE DISTRICT COURT OF
### BARBOUR COUNTY
### THE STATE OF ALABAMA

v.

**JAMES GRIFFIN**

Executed the within Warrant by Arresting
the within named Defendant. After arrest,
the defendant was:

☐ Released as authorized at _____
☐ Taken before ☐ Judge ☐ Magistrate
☐ Committed to Jail

This **28ᵗʰ** day of

**October** **2005**

Signature                    Title

**BCSO**
Agency

| Race | Sex | DOB | |
|------|-----|-----|--|
| B | M | 09-01-1960 | |

| Hgt | Wgt | Hair | Eyes |
|-----|-----|------|------|
| 67" | 215 | BLK | BRO |

SSN
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

DL Number          State

WARRANT OF ARREST

GRAND JURY #: CS06

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:

AN INDICTMENT HAS BEEN RETURNED BY THE CIRCUIT COURT OF   BARBOUR   COUNTY

AGAINST          GRIFFIN JAMES
                 64 JENNINGS STREET

                 CLAYTON          AL 36017-0000

CHARGING THE OFFENSE OF:

                 ASSAULT 2ND DEGREE



FILED

JAN 1 3 2006

DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

YOU ARE THEREFORE ORDERED TO ARREST THE PERSON NAMED ABOVE AND BRING THAT

PERSON BEFORE A JUDGE OR MAGISTRATE OF THIS COURT TO ANSWER THE CHARGES

AGAINST THAT PERSON AND HAVE WITH YOU THEN AND HAVE THE WARRANT OF ARREST

WITH YOUR RETURN THEREON.  IF A JUDGE OR MAGISTRATE OF THIS COURT IS

UNAVAILABLE, OR IF THE ARREST IS MADE IN ANOTHER COUNTY, YOU SHALL TAKE

THE ACCUSED PERSON BEFORE THE NEAREST OR MOST ACCESSIBLE JUDGE OF

MAGISTRATE IN THE COUNTY OF ARREST.
ARRAIGNMENT COURTHOUSE/CLAYTON JANUARY 26, 2006 0830AM

  BOND SET AT:         $5,000.00

  DATE ISSUED: 01/13/2006     DAVID S. NIX          BY _____
                                   CLERK

    EXECUTED THIS ___*17 d*___ DAY OF __*Jan*_____ , *2006*, BY

ARRESTING THE WITHIN NAMED DEFENDANT __*James  Griffin*_____

                              __*Dep. E. Youngblood*_____
                                 LAW ENFORCEMENT OFFICER

                              BY: _____

  DEFENDANT'S FEATURES:

  HT: 5'07"  HAIR: BLK    DOB: 09/01/1960

  WT: 215  SEX: M    EYE: BRO  RACE: B
  SSN: 266519106

  ADDTL COMMENTS:

01/13/2006 DAN

ALABAMA JUDICIAL DATA
CIRCUIT COURT OF BARBOUR

Return to Court

WARRANT OF ARREST

CC 2006 000003.0
GRAND JURY #: CC060

---

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:

AN INDICTMENT HAS BEEN RETURNED BY THE CIRCUIT COURT OF BARBOUR    COUNTY

AGAINST          GRIFFIN JAMES
                 64 JENNINGS STREET

                 CLAYTON        AL 36017-0000

CHARGING THE OFFENSE OF:

         ASSAULT 2ND DEGREE



FILED
JAN 1 3 2006
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

YOU ARE THEREFORE ORDERED TO ARREST THE PERSON NAMED ABOVE AND BRING THAT

PERSON BEFORE A JUDGE OR MAGISTRATE OF THIS COURT TO ANSWER THE CHARGES

AGAINST THAT PERSON AND HAVE WITH YOU THEN AND HAVE THE WARRANT OF ARREST

WITH YOUR RETURN THEREON.  IF A JUDGE OF MAGISTRATE OF THIS COURT IS

UNAVAILABLE, OR IF THE ARREST IS MADE IN ANOTHER COUNTY, YOU SHALL TAKE

THE ACCUSED PERSON BEFORE THE NEAREST OR MOST ACCESSIBLE JUDGE OF

MAGISTRATE IN THE COUNTY OF ARREST.
ARRAIGNMENT COURTHOUSE/CLAYTON JANUARY 26, 2006 0830AM

 BOND SET AT:          $5,000.00

DATE ISSUED: 01/13/2006      DAVID S. NIX                   BY _____
                                      CLERK

---

 EXECUTED THIS _____17ᵈ_____ DAY OF ___Jan_____, _2006, BY

ARRESTING THE WITHIN NAMED DEFENDANT _James Griffin_____.

                          _Dep. E. Youngblood_
                          LAW ENFORCEMENT OFFICER

                          BY: _____

---

 DEFENDANT'S FEATURES:

 HT: 5'07"  HAIR: BLK   DOB: 09/01/1960
 WT: 215  SEX: M   EYE: BRO  RACE: B
 SSN: 266519106

 ADDTL COMMENTS:

All property
recieved
01-17-06

James Truff
Arlene Gruffen

01/13/2006 DAN

State of Alabama
Unified Judicial System

Form C-52          Rev. 6/88

**CONSOLIDATED BOND**
**(District Court, Grand Jury, Circuit Court)**

Case Number

IN THE _District_ COURT OF _Barbour_ COUNTY

**STATE OF ALABAMA**

We _Tom Griffin_ (Defendant) as principal

and we _____
                    (please print)

_____ as sureties

agree to pay the State of Alabama _5,000.00_ _____ Dollars

unless the above named defendant appears before the District Court of said County on (Date) _01-20-2006_

at (Time) _9:00_ or at the next session of Circuit Court of said County, there to await the action by the grand

jury and from session to session thereafter until discharged by law to answer to the charge of _____

_____

or any other charge. We hereby severally certify that we have property over and above all debts and liabilities

to the amount of the above bond. We waive the benefit of all laws exempting property from levy and sale under

execution or other process for the collection of debt, by the Constitution and Laws of the State of Alabama,

and we especially waive our rights to claim exempt our wages or salary, that we have under the laws of Alabama.

It is agreed and understood that this is a continuing bond which shall remain in full force and effect until such

time as the undersigned are duly exonerated.

_____       _____
Signature of Defendant                 Address (Print)                    City

_____       _____
Signature of Surety                    Address (Print)                    City

_____       _____
Signature of Surety                    Address (Print)                    City

_____       _____
Signature of Surety                    Address (Print)                    City

_____       _____
Signature of Surety                    Address (Print)                    City

                                       Approved by  Sheriff/Judge

_____
Date                                   By  Deputy Sheriff

| Defendant's Information | |
| --- | --- |
| DOB _____ | Sex _____ |
| S S No _____ | Race _____ |
| DL No _____ State ( ) | Phone No _775-1040_ |

☑ **Appearance Bond - Property**  ☐ **Appearance Bond - Recognizance**  ☐ **Bail Bond**  ☐ **Cash Bond**

CONSOLIDATED BOND    COURT RECORD Original    DEFENDANT Copy    SURETY Copy

VIOLATIONS OF BARBOUR CO. JAIL

| | |
|---|---|
| 1.PHYSICAL ASSAULT ON OFFICER | 90DAYS + WARRANT |
| 2.VERBAL ASSAULT TO OFFICER | 30 DAYS |
| 3.DAMAGE TO JAIL OR PROPERTY | 30 DAYS +WARRANT |
| 4.JAIL CONTRABAND | 30 DAYS +WARRANT |
| 5.EXCESSIVE NOISE | 1st WARNING(2nd) 3DAYS LOCKDOWN |
| 6.EXCESSIVE SUPPLIES | 5 DAYS LOCKDOWN |
| 7.DISOBEYING OFFICER | 14 DAYS LOCKDOWN |
| 8.NO HEAD RAGS DAY ROOM | 5 DAYS LOCKDOWN |
| 9.NOT CLEANING CELLS | LOCKDOWN TILL YOU CLEAN |
| 10.NOT HELPING CLEAN DAY ROOM | 3 DAYS LOCKDOWN |
| 11.NOT WEARING UNIFORM | 5 DAYS LOCKDOWN Sweats + T shirt ok |
| 12.NOT WEARING UNIFORM PROPERLY | 5 DAYS LOCKDOWN |
| 13.FIGHTING | 20 days lockdown (POSSIBLE WARRAN |
| 14.NOT MAINTAING HYGIENE | LOCKDOWN TILL YOU HAVE A SHOWER |
| 15.Excessive USE OF INTERCOM | 1st WARNING (2⁵ 2 DAYS LOCKDOWN |
| 16.PEEKING IN WINDOW | 2 DAYS LOCKDOWN |
| 17.NO PILLOWS OR MATTRESS IN DAYROOM | 2 DAYS LOCKDOWN |
| 18.NO HORSE PLAYING | 3DAYS LOCKDOWN |
| 19. NO GAMBLING | 10 DAYS LOCKDOWN |
| 20.PAPER ON WALL,CEILING,OR LIGHTS | 5 DAYS LOCKDOWN |
| 21.TOWELS OVER WINDOWS ON DOORS | 5 DAYS LOCKDOWN |

IF YOU ARE LOCKED DOWN YOU LOSE YOUR PRIVILEDGES FOR THE PERIOD
YOU ARE LOCKED DOWN AND THAT IS
                    STORE CALL AND VISITION

GEORGE PARHAM

PATSY HALL

THANK YOU

# VIOLATIONS OF BARBOUR CO. JAIL

1. PHYSICAL ASSAULT ON OFFICER — 90 DAYS + WARRANT
2. VERBAL ASSAULT TO OFFICER — 30 DAYS
3. DAMAGE TO JAIL OR PROPERTY — 30 DAYS + WARRANT
4. JAIL CONTRABAND — 30 DAYS + WARRANT
5. EXCESSIVE NOISE — 1st WARNING (2nd) 3 DAYS LOCKDOWN
6. EXCESSIVE SUPPLIES — 5 DAYS LOCKDOWN
7. DISOBEYING OFFICER — 14 DAYS LOCKDOWN
8. NO HEAD RAGS DAY ROOM — 5 DAYS LOCKDOWN
9. NOT CLEANING CELLS — LOCKDOWN TILL YOU CLEAN
10. NOT HELPING CLEAN DAY ROOM — 3 DAYS LOCKDOWN
11. NOT WEARING UNIFORM — 5 DAYS LOCKDOWN
12. NOT WEARING UNIFORM PROPERLY — 5 DAYS LOCKDOWN
13. FIGHTING — 20 days lockdown (POSSIBLE WARRANT
14. NOT MAINTAINING HYGIENE — LOCKDOWN TILL YOU HAVE A SHOWER
15. Excessive USE OF INTERCOM — 1st WARNING (2nd 2 DAYS LOCKDOWN
16. PEEKING IN WINDOW — 2 DAYS LOCKDOWN
17. NO ~~MATTRESS IN DAYROOM~~ — 2 DAYS LOCKDOWN
18. NO HORSE PLAYING — 3 DAYS LOCKDOWN
19. NO GAMBLING — 10 DAYS LOCKDOWN
20. PAPER ON WALL, CEILING, OR LIGHTS — 5 DAYS LOCKDOWN
21. TOWELS OVER WINDOWS ON DOORS — 5 DAYS LOCKDOWN

IF YOU ARE LOCKED DOWN YOU LOSE YOUR PRIVILEDGES FOR THE PERIOD
YOU ARE LOCKED DOWN AND THAT IS STORE CALL AND VISITION

GEORGE PARHAM

PATSY HALL



# Sheriff

**MARSHALL WILLIAMS, JR.**
**BARBOUR COUNTY**

HEARING FOR JAMES GRIFFIN 10-31-05

LOCKED DOWN FRIDAY NIGHT      10-28-05

OFFICERS STEVE KING,DARLEANE SMITH,ARLEAN GRIGLEN AND
PATSY HALL


        JAMES GRIFFIN SAID HE WAS SHARING A CUP OF COFFEE WITH
DERRICK GILBERT WAS THE REASON HE TRIED TO TAKE THE COFFEE CUP
FROM STEVE WHEN THE COFFEE WAS SPIIED.JAMES SAID STEVE POURED
THE COFFEE ON HIM AND THAT HE TRIED TO KICK STEVE AND SLIPED DOWN
THAT HE DIDNOT TRY TO TAKE THE COFFEE FROM HIM OR ATTACK HIM HE FELL
ON STEVE


STEVE SAID HIS ORIGINAL REPORT WAS THE WAY IT HAPPENED


ALL OFFICERS HEARD BOTH SIDES L.UPSHAW IS INVESTIGATING THE
INCIDENT FOR THE JAIL UNTILL HE FINISH THE REPORT JAMES GRIFFIN
WILL BE LOCKED DOWN.



LEROY TOOK OUT WARRANT AND REPORT WILL STAND AS IS ALSO
PUNISHMENT

303 East Broad St., Eufaula, Alabama 36027
(334) 687-4121 • FAX (334) 687-1550

P.O. Box 278, Clayton, Alabama 36016
(334) 775-3434 • FAX (334) 775-8636

## BARBOUR COUNTY JAIL
### INMATE'S LOSS OF PRIVILEGES

James Griffen
**INMATE'S NAME**

10/27/05
**DATE**

S/N
**BLOCK #**

|  | PRIVILEGE TO LOSE VISITATION STORE CALL OTHER | DATE TO LOSE PRIVILEGE |
|---|---|---|
| **VIOLATION** | | |
| Assault on Officer | Lockdown 14 Days | 10/27/05 |
|  |  |  |
|  |  |  |
|  |  |  |

COMMENTS: CJ8 and CJ16 went to give medications went to S/N Block 1st Derrick Gilbert came to get his medication I Handed him the clip Board to sign for his medication he asked me to hold his cup of coffee at that time James Griffen grabed my hand and tried to take the coffee I pulled Back my hand and told him he could not have it he pulled it back again and the

10/27/05    6 Pm
**DATE and TIME**

Stewtkin    CJ16
**OFFICER'S NAME / ID**

**DATE and TIME**

**SUPERVISOR'S NAME / ID**

SEND COPIES TO   BLOCK CUBE   DISPATCH / OFFICE   INMATE'S FILE - JAIL ADMINISTRATOR

INCIDENT REPORT NARRATIVE
SUPPLEMENT
(CONTINUED)                    PAGE ____ OF ____

Cup of Spilled out onto James Griffen
and myself he then proceded to Attack
and Knocked me to the ground. At that moment
CJ8 got him from behind and we got him
up and subduced him.

We called for a Deputy and 2 Louisville
Police officers and we locked him Down

BARBOUR COUNTY JAIL INCIDENT

## INCIDENT REPORT

INMATE NAME   Griffen    James
                LAST        FIRST         MIDDLE

MASTER ID # _____ DOB: _____

SOCIAL SEC. # _____

DATE OCCURRED: _____

TIME OCCURRED: _____

PLACE OF INCIDENT: _____

_____ NON-INMATE INCIDENT

**NARRATIVE:**

ON 10-28-05 at 6:00 p.m. CJ8 and CJ16 Went to give out Medicatson to S/N Block. Derrick Gilbert come to get his medicatson, Steve handed him the clip Board to sign for his medicatson, then he ask Steve to hold his cup of coffee at that time Jame Griffen grabed Steve hand and tried to take the coffee, then Steve pull back his hand and told him he could not have it. He pulled it back again and then the cup spilled on James Griffen and Steve. I CJ8 ture around Jame Griffen then proceded to attack an knocked CJ16 Steve to the Ground. then I CJ8 Smith got him from behind and we got him up and subduded him.

SIGNATURE OF EMPLOYEE/DATE AND TIME:  Darlene Smith

NAME AND TITLE (PRINT): _____

INCIDENT REPORT DELIVERED TO/DATE AND TIME: _____

SIGNATURE OF SUPERVISOR RECEIVING REPORT/DATE AND TIME: _____

_____ ADDITIONAL PAGES FOLLOW                          PAGE 1 OF _____

## BARBOUR COUNTY JAIL
### INMATE'S LOSS OF PRIVILEGES

James Griffen
__INMATE'S NAME__

10/27/05
__DATE__

S/N
__BLOCK #__

| VIOLATION | PRIVILEGE TO LOSE<br>VISITATION<br>STORE CALL<br>OTHER | DATE<br>TO LOSE<br>PRIVILEGE |
|---|---|---|
| Assault on Oficer | Lockdown 14 Days | 10/27/05 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

COMMENTS: CJ8 and CJ16 went to give medicitions
went to S/N Block 1st Derrick Gilbert came to
get his medication I Handed him the clip Board
to sign for his medication he asked me to hold his
cup of coffee at that time James Griffen grabed
my hand and tried to take the coffee I
pulled Back my hand and told him he could
not have it he pulled it back again and the

10/27/05    6 Pm
__DATE and TIME__

Stewtin    CJ16
__OFFICER'S NAME / ID__

__DATE and TIME__

__SUPERVISOR'S NAME / ID__

SEND COPIES TO    BLOCK CUBE    DISPATCH / OFFICE    INMATE'S FILE    JAIL ADMINISTRATOR

INCIDENT REPORT NARRATIVE
SUPPLEMENT
(CONTINUED)                    PAGE ____ OF ____

Cup of Spilled out onto James Griffen and myself he then proceded to Attack and Knocked me to the ground. At that moment CJ8 got him from behind and we got him up and subduded him.

We called for a Deputy and 2 Louisville Police Officers and we locked him Down

Hearin. ~~morning~~ Tues 31 Advised him Dpty upshaw was investagating he was on lock Down til. He got 614 Back with us for 14 days upshaw has paper work.

614 Advised it was like Steve said And was getting w/a upshaw Has ovg l

BARBOUR COUNTY JAIL INCIDENT

# INCIDENT REPORT

INMATE NAME _Griffen_   _James_   _____
              LAST         FIRST         MIDDLE

MASTER ID # _____ DOB: _____

SOCIAL SEC. # _____

DATE OCCURRED: _____

TIME OCCURRED: _____

PLACE OF INCIDENT: _____

_____ NON-INMATE INCIDENT

NARRATIVE: # 6 assulting an Officer Stolen a ber. any official keeping order In facility

ON 10-28-05 at 6:00 p.m. CJ8 and CJ16 Went to give out Medicatson to S/N Block. Derrick Gilbert come to get his medicatson, Steve handed him the clip Boerd to sign for his medicatson, then he ask Steve to hold his Cup of Coffee at that time Jame Griffen grabed Steve hand and tried to take the Coffee, then Steve pull back his hand and told him he could not have it. He pulled it back again and then the cup spilled on James Griffen and Steve. I CJ8 ture around Jame Griffen then proceded to attack an knocked CJ16 Steve to the ground. then I CJ8 Smith got him from behind and we got him up and subduded him.

SIGNATURE OF EMPLOYEE/DATE AND TIME: _Darlene Smith_

NAME AND TITLE (PRINT): _____

INCIDENT REPORT DELIVERED TO/DATE AND TIME: _____

SIGNATURE OF SUPERVISOR RECEIVING REPORT/DATE AND TIME: _____

_____ ADDITIONAL PAGES FOLLOW                    PAGE 1 OF _____

## BARBOUR COUNTY JAIL
### INMATE'S LOSS OF PRIVILEGES

James Griffen
**INMATE'S NAME**

10/27/05
**DATE**

S/N
**BLOCK #**

PRIVILEGE TO LOSE
VISITATION
STORE CALL
OTHER

DATE
TO LOSE
PRIVILEGE

| VIOLATION | | DATE TO LOSE PRIVILEGE |
|---|---|---|
| Assault on Oficer | Lockdown  14 Days | 10/27/05 |
| | | |
| | | |
| | | |
| | | |

**COMMENTS:** CJ8 and CJ16 went to give medications
went to S/N Block 1st Derrick Gilbert came to
get his medication I Handed him the clip Board
to sign for his medication he asked me to hold his
cup of coffee at that time James Griffen grabed
my hand and tried to take the coffee I
pulled Back my hand and told him he could
not have it he pulled it back again and the

10/27/05   6 Pm
**DATE and TIME**

Stewtkin   CJ16
**OFFICER'S NAME / ID**

**DATE and TIME**

**SUPERVISOR'S NAME / ID**

SEND COPIES TO   BLOCK CUBE   DISPATCH / OFFICE   INMATE'S FILE   JAIL ADMINISTRATOR

### INCIDENT REPORT NARRATIVE
### SUPPLEMENT
### (CONTINUED)                    PAGE ___ OF ___

Cup of Spilled out onto James Griffen and myself he then proceeded to Attack and Knocked me to the ground. At that moment CJ8 got him from behind and we got him up and subduded him.

We called for a Deputy and 2 Louisville Police officers and we locked him Down

*Attention: P'atsy Hal'.*

## BARBOUR COUNTY JAIL
### INMATE REQUEST FORM

1/5/06
**DATE**

5:00 A.M.
**TIME**

*James Griffin*
**INMATE'S NAME**

S/N
**CELL #**

### TYPE OF REQUEST
(CIRCLE ONE)

1. MEDICAL    2. DENTAL    3. GRIEVANCE    4. SPECIAL VISIT    5. OTHER

BRIEFLY STATE YOUR REQUEST: This grievance concerns blatan disregard for Americans with Disability Act because I have been here in Special Needs Cell, room # 148 Without the liberty of a working Sink.

*James Griffin*
INMATE'S SIGNATURE                    OFFICER'S SIGNATURE

DO NOT WRITE BELOW LINE

OFFICER'S REPLY: _____

Mint Man Was Advised of Sink
1-5-06 P. Hall

---

### ALL INMATE REQUEST FORMS WILL BE ROUTED THROUGH
### THE SHIFT SUPERVISOR TO THE JAIL ADMINISTRATOR

---

INMATE    INMATE FILES    DISCIPLINARY BOARD    OTHER

---

SUPERVISOR'S SIGNATURE                    DATE

ADMINISTRATOR'S SIGNATURE                    DATE

REVISED 05/17/2004

Cont.

It is becoming a nusiance to the other inmates for me to enter into their cells while they are sleeping using their sinks.

I am trying to stay out of trouble, but it's a burden for me to get up out of my own room to go to someone else's room just to get water when I have a sink that doesn't work because the administration refuse to fix it. And the minute I get into a fight with someone about using their sink while they are sleeping, the administ will be ready to take me to court!

I have been in this cell 3 months without being able to use my own sink and that is pitiful.

WHEREFORE, this grievant seeks to have his sink fixed immediately to prevent fut problems from other inmates.

Respectfully Submitte

James Griff

Cont:

Shave, he was told that he was not allowed to have one, due to lock-down status. According to the provisions set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S. C 2963 (1974). That states in pertinent por. "that a pre-trial or Convicted felon does relinquish their rights to the 14th Amendme nor the Equal Protection of the laws Claus

Therefore, keeping my hair-cut and shau up to par is guaranteed by the United St. Constitution, along with the Policy, Procee and directives that govern the Barbour Cou Jail.

WHEREFORE, this grievant would demand that this violation of his Constitu Rights be Corrected immediately.

Respectfully Submitted,

James Griffin

| State of Alabama<br>Unified Judicial System<br>rm C-81        '11/91 | ADVICE OF RIGHTS ON INITIAL APPEARANCE<br>BEFORE JUDGE OR MAGISTRATE<br>(Felony) | Case Number |
|---|---|---|

IN THE _District_ COURT OF _Barbour_ , ALAE
(Circuit, District, or Municipal)        (Name of County or Municipality)

☐ STATE OF ALABAMA _STATE_
☐ MUNICIPALITY OF _____        v. _James E. Griffin_
        Defendant

This is a first appearance hearing. You are charged with committing the offense(s) of _Assault 1st_ In this court in violatio _Assault 2nd / Discharging Firearm into Dwelling_ . The primary purpose of this heari _§13A-6-20 / §13A-6-21 / §13A-11-61_ . At this hearing, there will be no determination r to ensure that you know and understand the charge or charges against you. At this hearing, there will be no determination r about your guilt or innocence of the crime charged, but only a determination that you know and understand the char charges against you. If you are before the court on a complaint following a warrantless arrest, the judge or magistrat determine whether there is probable cause for the charge against you.

In addition, the purpose of this hearing is to determine whether bail should be set in your case; or, if it has been alr set, if it should remain the same, be raised, be lowered, or whether you should be released upon your personal recogniz (that is, your promise to appear for future court proceedings) or released in the custody of some responsible person. In to make this determination, it will be necessary for the judge or magistrate to ask you some questions concerning your ties the community.

You are entitled to be represented by an attorney. You have a right to have your own attorney and will be given and opportunity to retain an attorney. If you are unable to afford an attorney, one will be appointed for you by the court i qualify for such representation. It will be necessary for you to complete an indigency questionnaire under oath in order fo court to make this determination.

You have a right to talk with your attorney, family, or friends and, if necessary, reasonable means will be provid rder to enable you to do so. You have the right to remain silent. Anything that you say may be used against you.

Because you are charged with a felony, you are entitled to demand a preliminary hearing before a judge or magis to determine whether there is sufficient evidence to establish that you probably committed the offense or offenses with v you are charged. You must make this demand with thirty (30) days of the date of arrest. If a hearing is demanded and c conducted, and if, at the conclusion of the preliminary hearing, the judge finds that sufficient evidence has been sho establish that you probably committed the offense or offenses with which you are charged, the judge will then bind you ov further action by a grand jury. If, on the other hand, the judge finds that the evidence is insufficient to establish that you pro committed the crime or crimes charged, then the judge will dismiss the charge and discharge you from further custody o trial obligations subject to the right of the prosecution to reinstate the charges against you at a later time.

If you are released from custody (whether personal recognizance or otherwise), you must:
1) Appear to answer and submit to all orders and process of the court having jurisdiction in the case.
2) Refrain from committing any criminal offense.
3) Not depart from the State of Alabama without the leave of the court having jurisdiction of this case.
4) Promptly notify the court of any change of address or the phone number.
5) Other conditions: _____

The provisions of the Release Order may be revoked or modified by the court for cause. The Release Order ar appearance bond executed in compliance with it will continue in force and effect until the dismissal, acquittal, or convict the charges, unless sooner revoked or modified by the court. Upon report of a violation of any of the above conditi warrant for your arrest will be issued.

_10-28-05_
Date

_Charles W. Hart_
Judge/Magistrate

_I have read or have been advised of the matters herein set forth. I understand the explanation of procedures, id information given to me at the initial court appearance. I understand the conditions of my release and the pe applicable in the event that I violate any conditions imposed herein. I also understand that failure to appear as requir subject me to additional charges in the revocation of release._

_10/28/05_
Date

_James F. Griffin_
Defendant