IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-1165-MHT |
| | )                             [WO] |
| | ) |
| MARSHALL WILLIAMS, JR., et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 8, 2005, James E. Griffin ["Griffin"], a county inmate, filed this 42 U.S.C. § 1983 action. On January 23, 2006, this court entered an order, a copy of which the Clerk mailed to Griffin. Postal authorities returned this order because Griffin was no longer at the address he had provided for service. In the order of procedure entered in this case, the court specifically instructed Griffin to immediately inform the court of any new address. *See Order of December 13, 2005 - Court Document No. 4* at 4-5. As Griffin had failed to comply with this directive, the court entered an order requiring "that . . . [o]n or before February 10, 2006 the plaintiff . . . show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." *Order of January 31, 2006 - Court Doc. No. 8*. The court cautioned Griffin that failure to comply with such order would result in a recommendation that this case be dismissed. *Id*. The time allowed Griffin for filing a response has expired and he has filed

nothing in response to the aforementioned order. The court therefore concludes that this case is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to prosecute this action and his failure to comply with the orders of this court.

It is further

ORDERED that on or before February 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of February, 2006.

                **/s/ Delores R. Boyd**
                DELORES R. BOYD
                UNITED STATES MAGISTRATE JUDGE